# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

2012 FEB 10  A 10: 36

U.S. DISTRICT COURT
BRIDGEPORT, CONN

|  |  |
|---|---|
| KEISHA PETERSEN | |
| Plaintiff, | |
| vs. | Case No. 3:12 cv 214 (MRK) |
| FMS INVESTMENT CORPORATION | |
| Defendant. | February 10, 2012 |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendant, FMS Investment Corporation, d/b/a FMS Services, ("FMS"), which hereby removes from the Superior Court, J.D. of Hartford, State of Connecticut, the following described lawsuit, and respectfully states as follows:

1.      FMS is the only defendant in the civil action filed by plaintiff, Keisha Petersen, in the Superior Court, J.D. of Hartford, State of Connecticut, captioned as *Keisha Petersen v. FMS Investment Corporation* (hereinafter the "State Court Action").

2.      Pursuant to 28 U.S.C. §§ 1441 and 1446, FMS removes the State Court Action to this Court, which is the federal judicial district in which the State Court Action is pending.

3.     The complaint in the State Court Action (hereinafter the "State Court Action Complaint") asserts claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et. seq.*

4.     Removal of the State Court Action is proper under 28 U.S.C. § 1441. If the action had originally been brought in this Court, this Court would have original, federal question jurisdiction over plaintiff's FDCPA claims per 28 U.S.C. § 1331 and 15 U.S.C. § 1692k, as well as supplemental jurisdiction over the state law claims.

5.     Pursuant to 28 U.S.C. § 1446(b), FMS has timely filed this Notice of Removal.  Plaintiff's Complaint was served on January 12, 2012. This Notice of Removal is filed within 30 days of receipt of the State Court Action Complaint by FMS and is, therefore, timely filed under 28 U.S.C. § 1446(b).

6.     A copy of all process, pleadings and orders served upon FMS in the State Court Action is being filed with this Notice and is attached hereto as Exhibit A.

WHEREFORE, FMS Investment Corporation, d/a/b FMS Services, removes the case styled *Keisha Petersen v. FMS Investment Corporation*, from the Superior Court, J.D. of Hartford, State of Connecticut, on this 10th day of February, 2012.

Respectfully submitted,

Walter A. Shalvoy, Jr. ct25132
Maher and Murtha, LLC
528 Clinton Avenue
Bridgeport, CT  06605-1729
Telephone:  (203) 367-2700
Facsimile: (203) 335-0589
Email: tmurtha@maherandmurtha.com
*Attorney       for      FMS      Investment*
*Corporation*
*d/b/a FMS Services*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent via-first class mail, postage prepaid on this 10th day of February 2012 to all counsel and pro se parties of record as follows:


Joshua RI Cohen, Esq.
Jcohen@TheStudentLoanLawyer.com
Law Offices of Craig Zimmerman
35 Cold Spring Road, Suite 514
Rocky Hill, CT 06067
Telephone: (860) 233-0338
Facsimile: (860) 233-0339

*Attorney for Plaintiff*

Walter A. Shalvoy, Jr.

3

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 10-09
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

See page 2 for instructions

| | | |
|---|---|---|
| ☐ | "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500. | |
| ☒ | "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more. | |
| ☐ | "X" if claiming other relief in addition to or in lieu of money or damages. | |

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT 06103 | ( 860 ) 548-2700 | February 21, 2012 |
| | | Month   Day   Year |

| ☒ Judicial District | ☐ G.A. | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|---|
| ☐ Housing Session | Number: | Hartford | Major: **M**   Minor: **90** |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Law Offices of Craig Zimmerman, 35 Cold Spring Road, Suite 514, Rocky Hill, CT 06067 | 429059 |

| Telephone number (with area code) | Signature of Plaintiff (if self-represented) |
|---|---|
| ( 860 ) 233-0338 | |

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Petersen, Keisha<br>Address: 2 Arthur Drive, Bloomfield CT 06002 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: FMS Investment Corporation, c/o registered agent: National Registered Agents, Inc.<br>Address: 12 Old Boston Post Road, Old Saybrook, CT 06475 | D-50 |
| Additional Defendant | Name:<br>Address: | D-51 |
| Additional Defendant | Name:<br>Address: | D-52 |
| Additional Defendant | Name:<br>Address: | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left Joshua R.I. Cohen | Date signed 1/3/12 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | File Date 1/3/2012 |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | A True Copy |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | Attest |

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |
|---|---|---|
| | | Sean T. Cassidy<br>State Marshal, Middlesex County |

Name and address of person recognized to prosecute in the amount of $250
Joshua R.I. Cohen, 35 Cold Spring Road, Suite 514, Rocky Hill, CT 06067

| Signed (Official taking recognizance; "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Date 1/3/12 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  ISABELLA WILSON
FMS INVESTMENT CORP.
1000 E. WOODFIELD ROAD
SUITE 102
SCHAUMBURG, IL 60173

SOP Transmittal # CT14416

(888) 617-4545 - Telephone
(609) 716-0820 - Fax

Entity Served: FMS INVESTMENT CORP. (Domestic State: MARYLAND)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CONNECTICUT on this 12 day of January, 2012.  The following is a summary of the document(s) received:

1. **Title of Action:** Keisha Peterson v. FMS Investment Corporation

2. **Document(s) served:** Summons/Citation/Third Party Summons, Complaint/Petition/Third Party Complaint

3. **Court of Jurisdiction/ Case & Docket Number:** Hartford Superior Court none yet

4. **Amount Claimed, if any:** over $2500

5. **Method of Service (select one):**
X Personally served by:  __ Process Server     X Deputy Sheriff     __ U. S Marshall
__ Delivered Via:  __ Certified Mail     __ Regular Mail     __ Facsimile
(Envelope enclosed)     (Envelope enclosed)
__ Other (Explain):

6. **Date and Time of Receipt:** 1/12/2012 2:38:16 PM EST (GMT -5)

7. **Appearance/Answer Date:** 2/21/2012

8. **Received From:** Joshua R. I. Cohen, Esq.
(Name, Address & Telephone Number) Law Office of Joshua R. I. Cohen, LLC
1224 Mill Street, Bldg. B, Suite 110
East Berlin, CT 06023
860-828-2007

9. **Federal Express Airbill #** 797941516400

10. **Call Made to:** VM - ISABELLA WILSON

11. **Special Comments:**

NATIONAL REGISTERED AGENTS, INC.                    Copies To:

Transmitted by Alex Tighe

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion.  It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

| RETURN DATE: FEBRUARY 21, 2012 | : | SUPERIOR COURT |
|---|---|---|
| KEISHA PETERSEN | : | J.D. OF HARTFORD |
| v. | : | AT HARTFORD |
| FMS INVESTMENT CORPORATION | : | JANUARY 3, 2012 |

## COMPLAINT

### FIRST COUNT – CONNECTICUT UNFAIR TRADE PRACTICES ACT

1.  The plaintiff, Keisha Petersen, is a natural person residing in Bloomfield, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

2.  The defendant, FMS Investment Corporation ("FMS"), is a Maryland corporation headquartered in Schaumburg, Illinois.

3.  FMS is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

4.  FMS is a private collection agency under contract with the Department of Education ("ED") to collect default student loans held by ED under the William D. Ford Direct Loan Program ("Direct Loan") and Federal Family Education Loan Program ("FFEL").

5.  FMS is a debt collector as defined by FDCPA § 1692a(6).

6.  A student loan is a consumer debt as defined by FDCPA § 1692a(5).

7.  In March of 2011, FMS contacted Plaintiff in an attempt to collect a default student loan held by ED.

8.  FMS stated that Plaintiff could either enter the rehabilitation program at $428 a month or have her wages garnished.

9.  FMS stated the garnishment would continue until the loan was paid in full.

10. Plaintiff stated that she could not afford $428 a month for rehabilitation and asked if the payment could be lowered.

11. FMS stated that $428 was the minimum required payment and that her income would not affect the minimum acceptable payment for rehabilitation.

12. Plaintiff, under duress, accepted the rehabilitation payment plan and agreed to make monthly payments of $428 in order to avoid the embarrassment of having her wages garnished.

13. Plaintiff made several payments throughout the summer of 2011 in an attempt to comply with the agreement she had made under duress.

14. Plaintiff never received a rehabilitation agreement.

15. FMS contacted Plaintiff several times at her place of employment, even after being told she could not accept calls there.

16. FMS contacted Plaintiff's employer in an attempt to initiate administrative wage garnishment.

17. On October 25, 2012, Plaintiff called FMS.

18. Plaintiff requested to have the rehabilitation payment lowered because she could not afford $428 per month.

19. Plaintiff asked if her finances could be reviewed to compute a lower rehabilitation payment.

20. FMS stated that Plaintiff's income would not affect the minimum required rehabilitation payment.

21. FMS stated that the minimum required rehabilitation payment was set by ED.

22. FMS did not consider Plaintiff's total financial circumstances as required by 34 C.F.R. 685.211(f)(1).

23. FMS did not conduct a document review of Plaintiff's finances as required by the 2009 PCA Procedures Manual (the "Manual") provided by ED.

24. FMS failed to offer a reasonable and affordable payment based upon Plaintiff's total financial circumstances when computing this rehabilitation payment as required by the Higher Education Act ("HEA") 20 U.S.C. § 1078-6(a)(1)(B), the corresponding Federal Regulations ("Regulations") 34 CFR § 685.211(f), and the 2009 PCA Procedures Manual (the "Manual") provided by ED.

25. Regulations 34 C.F.R. § 682.405(b)(iii)(B) specifically states that no minimum payment is required for rehabilitation.

26. On information and belief, FMS bases their minimum rehabilitation repayment on ED's commission schedule, in complete disregard of the statutes, regulations, and guidance manuals provided by ED.

27. According to the Manual, administrative garnishment is only to take place as a remedy of last resort and is not to take place if there is any kind of dispute or attempt to negotiate a payment.

3

28. FMS threatened to initiate an administrative wage garnishment, without ever attempting to negotiate a reasonable and affordable payment plan or rehabilitation arrangement.

29. FMS violated the Manual when threatening to initiate an administrative wage garnishment against Plaintiff.

30. FMS violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et. seq.* by requiring a minimum payment for rehabilitation, by failing to consider Plaintiff's financial circumstances when computing a rehabilitation payment, for threatening to initiate an administrative wage garnishment, and for coercing payments from Plaintiff under the guise of rehabilitation and false threat of administrative wage garnishment, all in violation of federal statutes and regulations.

31. FMS's acts as described above were offensive to public policy, as well as unfair, immoral, unethical, oppressive and unscrupulous and such as to cause substantial injury to consumers.

32. Plaintiff has sustained an ascertainable loss as a result of FMS' acts.

33. FMS is liable to Plaintiff for these losses as well as, attorneys fees and costs and, in the discretion of the Court, punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

**SECOND COUNT – FRAUD**

1-29.   Paragraphs 1-29 of the First Count are herein incorporated.

30. FMS committed fraud by coercing payments from Plaintiff under the threat of administrative wage garnishment, by representing the payments would be applied towards

4

rehabilitation, and by coercing payments for an amount that was more than required by statute, regulation and ED guidance manuals.

31. FMS knew, or should have known, that Plaintiff had many options to avoid a wage garnishment, including the right to a hearing to prove undue hardship, thus making the threat of garnishment nothing more than an intimidation tactic.

32. FMS knew, or should have known, that Plaintiff was making payments in an attempt to rehabilitate her loan and was expecting these payments to be applied towards rehabilitation.

33. FMS knew, or should have known, that there is no minimum payment requirement pursuant to statute, regulation and ED guidance manuals, and that it could have accepted an amount lower than $428 per month based on Plaintiff's financial circumstances.

34. Because FMS falsely told Plaintiff the $428 was a minimum required payment, that the payments would be applied towards rehabilitation, and that FMS would garnish her wages if she failed to agree to rehabilitation, in reliance of FMS's false statements, Plaintiff made payments to FMS.

35. Plaintiff was harmed by FMS's fraud because as a result Plaintiff made payments in an amount for more than she could afford, and was denied the chance to obtain a reasonable and affordable rehabilitation payment, which had FMS done correctly, said loans at issue would be out of default as of the date of this complaint.

36. FMS is liable to Plaintiff for actual damages as a result of its fraudulent conduct, as well as punitive damages, and attorney's fees and costs.

## THIRD COUNT – CIVIL THEFT

1-35.   Paragraphs 1-35 of the Second Count are herein incorporated.

36. FMS accepted payments from Plaintiff under the guise of rehabilitation, under the threat of administrative wage garnishment, and in an amount that was more than required by statute, regulation and ED guidance manuals.

37. FMS wrongfully appropriated Plaintiff's money by failing to comply with federal statutes, regulations and ED's procedure manuals.

38. FMS's wrongful appropriation of Plaintiff's money is civil theft.

39. For FMS' violations, Plaintiff seeks treble damages pursuant to Conn. Gen. Stat. § 52-564.

## FOURTH COUNT – FAIR DEBT COLLECTION PRACTICES ACT

1-38.   Paragraphs 1-38 of the Third Count are herein incorporated.

39. FMS violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d, e, e(10), and f by failing to consider Plaintiff's financial circumstances when computing a rehabilitation payment.

40. FMS violated FDCPA § 1692d, e, e(10), and f by requiring a minimum payment for rehabilitation.

41. FMS violated FDCPA §1692d, e, e(2)(A), e(5), f, and g(b) by falsely stating that administrative wage garnishment would result if Plaintiff failed to commit to rehabilitation.

42. FMS violated FDCPA §1692c(b), d, e, e(5), and f by contacting Plaintiff's employer to discuss wage garnishment prior to a wage garnishment order being issued, thereby discussing Plaintiff's debt with an unauthorized third party.

43. FMS violated FDCPA § 1692d, e, e(10), f, and f(1) by coercing and accepting payments from Plaintiff under the guise of rehabilitation, under the threat of administrative wage garnishment, and in an amount that was more than required by statute, regulation and ED guidance manuals.

44. FMS violated FDCPA § 1692c(a)(1), c(a)(3), d, d(5), e(10), and f when contacting Plaintiff at her place of employment after being told she could not accept calls at that number.

45. For FMS' violations of the Fair Debt Collection Practices Act as described above, the Plaintiff seeks her actual damages, statutory damages, and attorney's fees and costs pursuant to the FDCPA.

7

WHEREFORE, the Plaintiff seeks:

1. Actual damages in an amount more than $2,500;

2. Monetary damages pursuant to Conn. Gen. Stat. §42-110g;

3. Punitive damages pursuant to Conn. Gen. Stat. § 42-110g;

4. Attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g;

5. Treble damages pursuant to Conn. Gen. Stat. § 52-564

6. Statutory damages of up to $1,000 pursuant to 15 U.S.C. § 1692k;

7. Attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

8. Such other relief as may apply at law or at equity.


PLAINTIFF, KEISHA PETERSEN


By: _____
Joshua RI Cohen
jcohen@TheStudentLoanLawyer.com
Law Offices of Craig Zimmerman
35 Cold Spring Road, Suite 514
Rocky Hill, CT 06067
Tel (860) 233-0338  Fax (860) 233-0339
Juris No. 429059

8